# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|                                    |   |                          |
|------------------------------------|---|--------------------------|
| DANIEL HODGES,                     | * |                          |
| Plaintiff,                         | * |                          |
| v.                                 | * | Civil Case No. SAG-15-3537 |
| MAYOR & CITY COUNCIL OF ANNAPOLIS, et al., | * |                          |
| Defendants.                        | * |                          |

## MEMORANDUM AND ORDER

Plaintiff Daniel Hodges brought this civil action against several Maryland-based municipal and law enforcement entities and employees alleging violation of his First, Fourth, and Sixth Amendment rights under the United States Constitution, as enforced under the Civil Rights Act, 42 U.S.C. § 1983, as well as Articles 22, 24, and 26 of the Maryland Declaration of Rights. *See* Pl.'s First Am. Compl., [ECF No. 28]. Mr. Hodges also asserts that the defendants violated the Fair Housing Act, 42 U.S.C. § 3601, *et seq*. *Id.* Now pending is Mr. Hodges's Motion for Leave to File Third Amended Complaint ("Motion to Amend"), [ECF No. 74], and Defendant Anne Arundel County Police Department Corporal Jeffery Rothenbecker's ("Defendant Rothenbecker's") Opposition thereto, [ECF No. 76]. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth herein, Mr. Hodges's Motion to Amend will be DENIED.

I.  BACKGROUND

Mr. Hodges originally initiated this suit against the Mayor and City Council of Annapolis, Maryland, Annapolis Police Department ("APD") Chief Michael Pristoop, APD

Officer Gregory Fabela, APD Officer Alfred Thomas, APD Officer Andrew Ascione, and unknown officers of the APD. *See* [ECF No. 1]. The underlying factual allegations revolve around a series of traffic stops. In his First Amended Complaint, Mr. Hodges added unknown officers of the Anne Arundel County Police Department ("AACPD"), the Anne Arundel County Council, and AACPD Chief Timothy Altomare ("Chief Altomare") as defendants. *See* [ECF No. 28]. In an August 3, 2016 Memorandum Opinion ("Memorandum Opinion"), I dismissed all claims against Anne Arundel County Council and Chief Altomare. *See* [ECF No. 42]. Following that dismissal, on August 17, 2016, Mr. Hodges was granted leave to file a Second Amended Complaint by consent, which joined APD Officer Gwynne Tavel and Defendant Rothenbecker, and eliminated all unknown defendant officers. *See* [ECF No. 46]. On the basis of "new information gleaned through discovery and through the expert report [of Steven D. Nicely,]" Mr. Hodges now seeks to amend his complaint a third time in order to rejoin unknown officers of the APD, unknown officers of the AACPD, "Anne Arundel County Council a/k/a Anne Arundel County Government," and Chief Altomare. Pl.'s Mot., [ECF No. 74, 1 & Ex. 1]. In addition, Mr. Hodges raises new factual allegations regarding "poor training and supervision" by Anne Arundel County[1] and Chief Altomare over the K-9 unit involved in one of the traffic stops. *Id.* Defendant Rothenbecker objects to the Third Amended Complaint, citing prejudice and futility. *See* Def.'s Opp., [ECF No. 76].

---

[1] Mr. Hodges alternates references in the Third Amended Complaint to "Anne Arundel County Council a/k/a Anne Arundel County Government," as cited in the case caption, and "Anne Arundel County," as cited in the body of the complaint. *See* [ECF No. 74 at Ex. A]. For purposes of consistency, I will refer to the proposed defendant as "Anne Arundel County" throughout this Opinion. However, as I previously explained in the court's Memorandum Opinion, these entities are legally distinct and not interchangeable. *See* [ECF No. 42, 5]. Difficulty discerning Mr. Hodges's intended defendant weighs against granting his Motion to Amend.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)(B). Furthermore, the Rule requires courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has liberally construed this standard, such that leave to amend should be denied only if prejudice, bad faith, or futility is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012).

Nonetheless, "[u]nder Rule 15(a), the district court has 'broad discretion concerning motions to amend pleadings[.]' … A district court may deny a motion to amend for reasons 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment.'" *Griaznov v. J-K Technologies, LLC*, 2017 WL 915000 at *3 (D. Md. Mar. 8, 2017) (citing *Booth v. Maryland*, 337 Fed. App'x 301, 312 (4th Cir. 2009) (per curiam) (quoting *Foman*, 371 U.S. at 182)).

## III. DISCUSSION

### a. Prejudice

Mr. Hodges argues that his Motion to Amend timely follows the acquisition of "new information gleaned through discovery and through [Mr. Nicely's] expert report[.]" Pl.'s Mot., [ECF No. 74, 1]. According to Mr. Hodges, defendants will not be prejudiced by the proposed addition of Anne Arundel County and Chief Altomare because "there has been an attorney directly employed by Anne Arundel County involved in this case [since Mr. Hodges first added

Anne Arundel County Council as a defendant in August 2016;] and the County has participated in discovery all along during the representation of [Defendant] Rothenbecker[;] … [and] [t]here is a near or total identity (*sic*) of interest between [Defendant] Rothenbecker and Anne Arundel County in this case." *Id.* at 2-3. *See* [ECF No. 28]. Consequently, Mr. Hodges avers that the discovery issues raised by the Motion to Amend are limited to the "negligent or deliberately indifferent training and supervision" claim against Anne Arundel County and expert depositions. *Id.* at 2-3.

Defendant Rothenbecker objects that Mr. Hodges's Motion to Amend is prejudicial in its untimeliness – "filed exactly 100 days after the deadline the Court provided in its order" and without adequate explanation for the delay. Def.'s Opp., [ECF No. 76, 2]. Defendant Rothenbecker notes that discovery is now closed,[2] and blames Mr. Hodges's dilatory approach to discovery, including delay in generating the expert report upon which the Motion to Amend rests, for the very tardiness Mr. Hodges now asks the Court to excuse in order to grant the subject Motion. *Id.* at 3. Moreover, Defendant Rothenbecker contends that permitting Mr. Hodges to rejoin Anne Arundel County Council and AACPD Chief Timothy Altomare "and include a totally different cause of action at this point is beyond prejudicial particularly when [these parties] were [previously] dismissed at the inception of this action." *Id.* Defendant Rothenbecker further insists that, "contrary to [Mr. Hodges's] contention, the mere representation of one party by the undersigned does not justify the assumption that any further party or other theory of recover (*sic*) can be added without prejudice." *Id.*

Mr. Hodges's Motion to Amend is undeniably untimely, coming seven months after the proposed defendants were dismissed from litigation, well beyond the deadline for amendment set

---

[2] While Defendant Rothenbecker maintains that discovery in this matter closed on March 9, 2017, Def.'s Opp., [ECF No. 76, 2-3], my March 6, 2017 letter opinion extended the discovery deadline to May 1, 2017, [ECF No. 68]. As of today, then, the discovery period has indeed lapsed.

in the scheduling order, and near the close of discovery. *See* [ECF Nos. 58, 68]. That the Motion's tardiness is largely, if not wholly, a product of Mr. Hodges's earlier failure to abide by the Rule 26(a)(2) disclosure deadline makes this conduct worse. *See* [ECF No. 68]. However, "[t]he Fourth Circuit has held … that delay alone is not sufficient reason to deny leave to amend. The delay must be accompanied by prejudice, bad faith, or futility." *Johnson*, 785 F.2d at 509-10 (citations omitted); *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (same).

Here, there are several ways Defendant Rothenbecker would be prejudiced if the Motion to Amend is granted. First, Mr. Hodges seeks to introduce a new legal theory which requires gathering and analyzing facts relating to the training and supervision of AACPD K-9 units generally, and the team comprised of Defendant Rothenbecker and "Rocky" the dog ("Rocky") in particular. However, the fact that Defendant Rothenbecker and his co-defendants are custodians of the relevant documents and information relating to this issue, and that the claim is not being raised on the eve of or during trial, mitigates the amendment's prejudicial impact. *See Johnson*, 785 F.2d at 510 ("[P]rejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party [and] … the amendment is offered shortly before or during trial.") (citations omitted). Second, as discovery is now closed, the timing of Mr. Hodges's Motion deprives Defendant Rothenbecker and proposed defendants of the opportunity to properly question Mr. Nicely about his statements regarding the allegedly poor training and supervision of the subject K-9 unit. Redeposing Mr. Nicely would be both financially burdensome and unauthorized by the court's scheduling order. Third, given that the parties' motions for summary judgment have been filed, *see* [ECF Nos. 77, 78, 79], and will soon be ripe for review, granting Mr. Hodges's Motion to Amend would obligate the parties to re-brief their motions for summary judgment and

would delay progress in this case. Lastly, I am not persuaded that involvement of an Anne Arundel County Law Office Attorney since the time of Mr. Hodges's First Amended Complaint eliminates concerns regarding prejudice to counsel's chosen legal strategy and unique obligations to the proposed defendants. In sum, though somewhat tempered by Defendant Rothenbecker's access to key information and documents, time available to prepare ahead of trial, and existing counsel's familiarity with most of the relevant facts, the amendments Mr. Hodges seeks through his Motion remain significantly prejudicial to the existing and proposed defendants.

b. **Futility**

As noted above, earlier in this litigation, I dismissed Mr. Hodges's Amended Complaint against Anne Arundel County Council and Chief Altomare. *See* Mem. Op., [ECF No. 42]. In the Memorandum Opinion, I determined that Anne Arundel County Council is not an entity *sui juris*, and therefore cannot be sued. *Id.* at 5 (citing Anne Arundel County Charter § 103 (2005) ("The corporate name of the county shall be 'Anne Arundel County, Maryland,' and it shall thus be designated in all actions and proceedings touching its rights, powers, properties, liabilities, and duties.")). Yet, Mr. Hodges's Third Amended Complaint once again erroneously identifies the proposed defendant as "Anne Arundel County Council a/k/a Anne Arundel County Government." *See* [ECF No. 74 at Ex. A]. For the same reasons set forth in the Memorandum Opinion, Mr. Hodges's failure to properly identify his proposed defendant additionally supports denial of his request to join Anne Arundel County as a defendant in this case. Mem. Op., [ECF No. 42, 5].

In the same Memorandum Opinion, I concluded that Mr. Hodges had failed to plead sufficient facts showing that Chief Altomare was liable for the violations Mr. Hodges alleges occurred. *Id.* at 6-7. I explained that Mr. Hodges must plead facts that demonstrate

> '(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.'

*Id.* at 10 (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations and internal quotation marks omitted). Furthermore,

> '[e]stablishing a pervasive and unreasonable risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions[,] and that the conduct engaged in by the subordinate poses an unreasonable risk of constitutional injury.' … [Consequently,] a plaintiff 'cannot satisfy his burden of proof by pointing to a single incident or isolated incidents, for a supervisor cannot be expected to promulgate rules and procedures covering every conceivable occurrence within the area of his responsibilities.'

*Id.* at 10-11. That standard has not been met by the Third Amended Complaint. To begin with, there is no mention of Chief Altomare, by name or office, in the factual pleadings section or in Mr. Nicely's report. The only mention of Chief Altomare occurs in Count I, where Mr. Hodges conclusorily pleads that Chief Altomare "fail[ed] to adequately train or supervise Corporal Rothenbecker and 'Rocky', in such a way as to exhibit deliberate indifference to the civil rights of others, including the Plaintiff." Pl.'s Mot., [ECF No. 74 at Ex. A ¶ 40.e]. Mr. Hodges fails to plead any facts regarding Chief Altomare to satisfy the knowledge, response, and causation prongs of the *Shaw* test. Mr. Hodges also does not allege widespread illegal K-9 searches from which Chief Altomare's inadequate response or deliberate indifference to a pervasive and

7

unreasonable risk of harm could be inferred. Mr. Hodges's factual allegations as to Chief Altomare are nearly nonexistent, rendering the proposed claims futile.

Mr. Hodges similarly fails to make any factual allegations regarding the unknown officers of the APD and AACPD that he seeks to rejoin in the Third Amended Complaint. *See* Pl.'s Mot., [ECF No. 74 at Ex. A]. Beyond legal insufficiency on the face of the complaint under Federal Rule of Civil Procedure 12(b)(6), Mr. Hodges does not explain why unnamed defendants should be added at this juncture in the litigation, especially when prior amendments to the complaint have succeeded in identifying the officers involved in the underlying traffic stops. *See* [ECF No. 46]. Mr. Hodges's unspecified claims against unknown officers of the APD and AACPD are therefore inherently futile.

Ultimately, the Third Amended Complaint is untimely under the scheduling order. *See Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985) (noting that a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril"). While defendants' relative ease of access to relevant information and documents somewhat diminishes the prejudicial impact of granting the amendment, defendants would be deprived of the opportunity to re-depose Mr. Nicely and forced to defend new defendants and claims after the discovery deadline and after dispositive motions have been filed. Finally, the proposed claims against Anne Arundel County, Chief Altomare, and unknown officers of the AAP and AACPD are prejudicial, futile, or both. Therefore, while cognizant of the Fourth Circuit's liberal amendment standard, delay, prejudice and futility here warrant denial of the Motion to Amend.

## IV.  CONCLUSION

For the reasons explained herein, Plaintiff's Motion For Leave to File Third Amended Complaint, [ECF No. 74] is DENIED.

Dated:  May 5, 2017

/s/
Stephanie A. Gallagher
United States Magistrate Judge

9